Samuel H. Morgan, as Executor, etc., of Priscilla Freeborn, Deceased, Respondent, v. Maybell Freeborn and Mermie Freeborn, Infants, by their Guardian ad litem, Appellants, Impleaded with Helen Hills and Justin Hills.

*Mortgage, found among papers of a deceased mortgagee — defense of satisfaction.*

The evidence given on the trial of an action brought to foreclose a mortgage found among the papers of the mortgagee, on her decease, not satisfied of record, examined, and *held*, insufficient to establish the defense, set up by the infant children of the deceased mortgagor, a son of the mortgagee, that at the time the mortgage was executed it was agreed between the parties thereto that the mortgagor should not be required to pay it and that it should be canceled and satisfied during the lifetime of the mortgagee or at her death; and that it was so satisfied and canceled before the death of the mortgagee.

On the mortgage in question there was indorsed a statement of the receipt of the amount of the principal thereof, signed by the husband of the · mortgagee, but the evidence failed to show any authority on his part to satisfy or discharge the mortgage.

*Held*, that this receipt written upon the mortgage, having never been delivered to the mortgagor or his representative, but having been retained by the mortgagee, did not operate to satisfy or discharge the mortgage, even if authorized by the mortgagee.

Appeal by the infant defendants, Maybell Freeborn and Mermie Freeborn, from a judgment of the Supreme Court, rendered at the Allegany Special Term on the report of a referee, and entered in the office of the clerk of Allegany county on the 17th day of October, 1892.

The action was brought by the executor of the estate of Priscilla Freeborn, deceased, to foreclose a mortgage executed by Eugene Freeborn to Priscilla Freeborn on the 28th day of February, 1882, for the sum of $2,000 and interest.

The mortgagor was a son of the mortgagee, and both had died before the commencement of the action.

The appellants are the children of the mortgagor.

*D. D. Dickson*, guardian *ad litem*, for the appellants.

*F. M. Todd*, for the respondent.

LEWIS, J.:

This action was brought to foreclose a mortgage upon real estate in the county of Allegany.

The complaint was in the ordinary form in foreclosure actions.

The answer of the guardian *ad litem* did not contain a denial of any of the allegations of the complaint, but set up as an affirmative defense, that at the time the mortgage described in the complaint was executed, it was distinctly understood and agreed by and between the parties, that the mortgagor should not be required to pay the mortgage ; that it was given for the purpose of preserving and protecting the real estate mortgaged from unwise speculations and imprudent transactions on the part of the mortgagor, and that it was understood and agreed at the time of the making of the mortgage, that it should be canceled and satisfied during the lifetime of the mortgagee, or at her death, and that it was so satisfied and canceled before the death of the mortgagee.

The infants were the only defendants who appeared in the action.

The issues were referred to a referee, and at the opening of the trial the plaintiff moved for judgment upon the pleadings on the ground that the allegations of the complaint were not denied and were, therefore, admitted by the answer of the guardiam *ad litem*.

The motion was denied. The plaintiff rested his case without offering any evidence.

The defendant thereupon entered upon the defense, and evidence was introduced in behalf of both parties which tended to establish all the material allegations of the complaint.

The principal part of the evidence was produced by the defendants, and consisted of the declarations of the mortgagee to the effect that her husband, during his lifetime, transacted her business ; that he had canceled the mortgage before he died.

Justin Hills, one of the defendants, testified : " I remember of hearing a conversation between Mabel Freeborn and Priscilla Freeborn in relation to this mortgage and property. I don't remember when it was. It was as much as four or five years ago.

" I didn't take any part in this conversation. Mabel asked grandma, ' Why don't you give up this mortgage ? ' She said that ' there was no mortgage.' She said that ' pa had canceled the mortgage so that it can't make you any trouble.' "

Other conversations with the testatrix were testified to in which she stated that she intended to cancel the mortgage ; that she was retaining the mortgage so that if she needed it at any time she could have it to use in her old age, but that she intended to have it canceled.

The mortgage was found among the papers of the testatrix after her death by the executor, and was read in evidence.

It was in form an ordinary real estate mortgage under seal. It was executed and acknowledged by the mortgagor and was duly recorded.

It contained a clause to the effect that it was given to secure the payment of the purchase money of the premises mortgaged.

There was written on the face of it, immediately following the description of the premises, in the handwriting of Rodman Freeborn, the following :

" $2,000.

" Received on the within mortgage two thousand dollars.

" No receipt given.

" BELFAST, *June* 24, 1882.        " RODMAN FREEBORN."

Rodman Freeborn was the husband of the mortgagee.

The mortgagor was her son.   They both died before the death of the mortgagee.

The referee found that the mortgagee retained possession of the mortgage; that she had never authorized nor ratified the said indorsement to be made upon the mortgage, and that the principal sum secured by the mortgage, with the accrued interest thereon, was due and unpaid, and that the plaintiff was entitled to judgment of foreclosure and sale of the premises.

The evidence failed to show any authority on the part of the testatrix's husband to satisfy or discharge the mortgage.

There was no evidence that there had ever been anything paid upon the mortgage.   The receipt written upon it, even if author- ized by the plaintiff, did not operate to satisfy or discharge it.

The evidence failed to establish a gift of the mortgage, for neither the receipt nor the mortgage was ever delivered to the mortgagor or his representative, but as we have seen, they were retained by the testatrix and found among her papers after her decease.

The defendants failed to establish any defense and we fail to find any reason for a reversal of the judgment.

It should be affirmed, with costs of the appeal.

All concurred.